514 A.2d 899

**In the Interest of J.S.M., a minor.**

**Appeal of YORK COUNTY CHILDREN AND YOUTH SERVICES.**

Superior Court of Pennsylvania.

Submitted June 23, 1986.

Filed Sept. 5, 1986.

Sheryl A. Dorney, York, for appellant.

Dorothy Livaditis, York, for appellee.

Before OLSZEWSKI, CERCONE and HESTER, JJ.

CERCONE, Judge:

On September 5, 1985, appellant York County Children and Youth Services filed a Petition for Emergency Placement of the above-named minor in the Court of Common Pleas of York County. The court ordered that the minor remain at the Children's Home of York until appellant could determine the availability of relatives or until a dependency petition would be filed.

On September 12, 1985, the appellant filed an Alleged Dependent Child Petition in the York County court. A hearing was scheduled for October 3, 1985 but it was continued for the purpose of exploring the issue of whether Lancaster County should assume jurisdiction over this case.[1] Apparently no agreement was reached between officials in the two counties.

On November 7, 1985, appellant filed a Petition to Transfer Custody and Jurisdiction from York County to Lancaster County. A hearing was conducted at which time testimony was taken regarding the child's situation and her family's ability to provide care and supervision for her.

1. Both York County and Lancaster County have a resident parent. Both parents had indicated an unwillingness or inability to care for the minor.

The York County court issued an order directing the minor's custody be vested in Lancaster County Children and Youth Services and that jurisdiction be transferred to the Juvenile Court of Lancaster County. An attorney for York County Children and Youth Services forwarded a letter to Judge Buckwalter, of Lancaster County court of common pleas, requesting that he direct Lancaster County Children and Youth Services to honor the November 12 court order.

On December 5, 1985, Judge Buckwalter filed a memorandum opinion and order declining to accept transfer of the case from York County, finding the minor's most recent residence to be in York County and, therefore, holding that proper venue and jurisdiction of the matter rested in York County. It is from this order from which this appeal lies.

The instant case deals with a dependency proceeding initiated pursuant to the Juvenile Act, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. §§ 6301–6365. To effectuate the purposes of the Act, there are certain instances in which the court of a county within the commonwealth may transfer a juvenile proceeding to another court within the commonwealth. These instances are set forth in section 2 of the Act, 42 Pa.C.S.A. § 6321(c), as follows:

(c) Transfer to another court within this Commonwealth.—

(1) If the child resides in a county of this Commonwealth and the proceeding is commenced in a court of another county, the court, on motion of a party or on its own motion made after the adjudicatory hearing or at any time prior to final disposition, may transfer the proceeding to the county of residence of the child for further action. Like transfers may be made if the residence of the child changes during the proceeding. The proceeding may be transferred if the child has been adjudicated delinquent and other proceedings involving the child are pending in the court of the county of his residence.

A resolution of this case depends on a determination of the location of the minor's last "residence." As the term "residence" is not specifically defined for use in the Juve-

nile Act, it will be construed according to its common and approved usage. *See* statutory construction act of December 6, 1972, P.L. 1339, No. 290, § 3; 1 Pa.C.S.A. § 1903; *Commonwealth v. Roberson*, 298 Pa.Superior Ct. 184, 444 A.2d 722 (1982).

"Residence" is defined as, "Personal presence at some place of abode with no present intention of definite and early removal and with purpose to remain for undetermined period, not infrequently, but not necessarily combined with design to stay permanently." Black's Law Dictionary 1176 (rev. 5th ed. 1979). "Residence" is compared and distinguished from "domicile" in the following manner,

As "domicile" and "residence" are usually in the same place, they are frequently used as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile. *Fuller v. Hofferbert*, C.A.Ohio, 204 F.2d 592, 597 [ (1953) ].

Blacks's Law Dictionary, *id.*

In its Order directing that the minor's custody be vested in Lancaster County Children and Youth Services, the York court reviewed the testimony which had been presented as follows:

Jenny has indicated that she would like to remain here and her mother has indicated in stronger terms she would like jurisdiction to remain in York County....

The sole question in our mind is where jurisdiction properly lies and where Jenny's best interests can best be served. We are satisfied that those best interests will be served by a transfer of jurisdiction to Lancaster County. We believe that is true because Jenny has been a resident of Lancaster County for virtually all of her life. We note

that Jenny was picked up as a run away in the City of New York a few weeks ago, that before that she was living with her father in York County for a period of anywhere from two days to a maximum of three weeks, that before that she had resided with her mother for about three months in Columbia, Lancaster County, Pennsylvania and prior to that, for between three and four years with her maternal grandmother, also in Columbia, Lancaster County, Pennsylvania. Prior to that, she had been in a foster home in Lancaster County, pursuant to the intervention of the Lancaster County agency and this shows essentially that not only her family contacts, but all of her life has been associated with Lancaster County. While it would not be wholely (sic) inappropriate for the York County Agency to assume jurisdiction, we feel that all of the factors that we have discussed and Jenny's background require that the Lancaster County Children and Youth Services Agency be designated as the appropriate agency for this case.

While the York court may have been correct in determining that the minor had her most significant contacts in Lancaster County, that factor is not dispositive of the question at hand.

The undisputed testimony shows that the minor had resided in York County for at least four months prior to the date the transfer hearing was conducted. For two of those months she was in the custody of the York County Children and Youth Services. The testimony also shows that the minor did not have a residence to return to in Lancaster County. At the hearing, the child advocate asked the minor's mother, "Do you foresee having Jenny return to your home at any time in the future?", to which she responded, "Not with the attitude that she has of bringing men into the home when I'm not there, and I can't be home 24 hours a day. I must work." Clearly the petitioner failed to show that the minor's "residence" was in Lancaster County. At most, the appellant showed that the minor had formerly resided in Lancaster County. In reality, the appel-

lant was attempting to create a residence for the minor in Lancaster County by seeking a transfer of responsibility for the child to the Lancaster Children and Youth Services.

While we have no doubt that the York County Children and Youth Services was attempting to provide for what it considered to be the child's best interest, our analysis must be guided by the statutory provisions for transfer. The statute provides for the residence to be pre-existing in the receiving county. As the appellant has failed to show the existence of such a residence in Lancaster County, its petition must fail.

Accordingly, the order of the Lancaster County Court of Common Pleas is affirmed. The York County Court of Common Pleas is directed to retain jurisdiction of this case and to proceed accordingly.