530 A.2d 496

**In re G.B., A Juvenile.**

**Appeal of BUCKS COUNTY CHILDREN AND YOUTH SERVICES AGENCY.**

Superior Court of Pennsylvania.

Argued June 17, 1987.

Decided Aug. 27, 1987.

10

Cynthia M. Weaver, Newtown, for appellant.

Malcolm J. Gross, Allentown, for appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a determination of the Lehigh County Court of Common Pleas that Lehigh County would not accept, by transfer from Bucks County, the case of G.B., a dependent child, under the Juvenile Act, 42 Pa.C. S.A. §§ 6301–6365.

In January 1978, G.B. was adjudicated dependent by the Bucks County Court of Common Pleas and placed in the custody of the Bucks County Children and Youth Services Agency. (Bucks County agency)  In January 1985, the Bucks County Court of Common Pleas determined, at a six-month judicial review hearing, that the case should be

transferred to Lehigh County because the mother resided in Lehigh County. Thereafter, the Lehigh County Office of Children and Youth Services (Lehigh County agency) indicated that it would not agree to the transfer of G.B.'s case to its agent.

On petition of the Bucks County agency, a hearing was conducted on May 13, 1986, before the Honorable Isaac S. Garb of the Bucks County Court of Common Pleas. That petition contained the following request: "Therefore, it is requested that the Court again review this case and, after a full hearing, order the legality and merits of transfer of legal custody of [G.B.] to Lehigh County Children and Youth Services." The Lehigh County Agency was given notice of the hearing and appeared, with counsel, for the limited purpose of objecting to the jurisdiction of the Bucks County court over the matter. On May 15, 1986, Judge Garb issued the following order:

AND NOW, this 15th day of May, 1986, after hearing in the above-captioned matter, it is hereby ORDERED and DIRECTED that this proceeding be transferred to the Court of Common Pleas of Lehigh County, Juvenile Division. This Order is based on this Court's findings after hearing on May 13, 1986, that the minor child, [G.B.] resides in Lehigh County for these purposes, that County being the County of residence of his only known parent at the present time and having existed for some significant period of time.

No appeal was taken from this order.

On October 9, 1986, the Bucks County agency petitioned the Lehigh County Court of Common Pleas for an Emergency Order and hearing because the Lehigh County agency had done nothing to provide for the welfare of G.B. After a hearing on the aforementioned petition, the Honorable David E. Mellenberg issued the order of December 1, 1986 which states, "It is ordered the custody of the said minor, [G.B.], cannot be accepted in Lehigh County and that custody shall remain in the Bucks County Children and Youth Social Services Agency." It is from this order which the herein appeal lies.

## 1. Jurisdiction.

■ Before addressing the merits of appellant's claim that the Lehigh County Court improperly refused to place custody of G.B. with the Lehigh County agency, we must first determine whether this appeal is properly before us.

Appellant, Bucks County agency, claims that because the Lehigh County agency failed to appeal the May 15, 1986 order transferring the case to the Lehigh County court system, the issue of transfer had been finally decided and the Lehigh County Court of Common Pleas had no power to retransfer the case to Bucks County. Citing Pa.R.A.P. 311(c), appellant argues that matters of transfer of venue are final, appealable orders and that failure to appeal an order transferring a matter to a court of coordinate jurisdiction constitutes waiver of all objections to the transfer. *See* Pa.R.A.P. 311(d)(1)(ii); *Krasnov v. Dinan*, 56 D. & C.2d 710, 712 (1972).

■ While appellant's analysis appears facially correct, a closer review of the facts and procedure in this case reveals its fallacy. In the petition which spurred this dispute, the Bucks County agency requested the Bucks County court to *transfer legal custody* of G.B. to the Lehigh County agency. Counsel for the Lehigh County agency appeared at the May, 1986 hearing for the limited purpose of objecting to the jurisdiction of that court over the Lehigh County agency. *See* Pa.R.Civ.P. 2103(b) ("Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located."). The term "political subdivision" is defined as "any county, city, ... or county institution district." *See* Pa.R.Civ.P. 76. A county's children and youth services agency is a "county institution district" for purposes of venue. Therefore, the Bucks County Court of Common Pleas had no jurisdiction to order the Lehigh County agency to act.

■ The May 15 order merely transferred the "proceeding" to the Court of Common Pleas of Lehigh County.

That order did not order the Lehigh County agency to accept custody of G.B. as the Bucks County court had no jurisdiction to make such an order. Only the Lehigh County Court of Common Pleas could order the Lehigh County agency to accept custody of G.B. Accordingly, we find that the December 1, 1986 order of the Lehigh County Court of Common Pleas is the final appealable order in this case and this appeal is now properly before this court.[1]

## 2. Residence of G.B.

■ Having resolved the jurisdictional question, we now address the primary question of this case. That is, whether the Lehigh County Court of Common Pleas erred in concluding that G.B.'s residence was in Bucks County rather than Lehigh County. This determination is fundamental as it relates to which county agency should bear the responsibility of providing for G.B.'s welfare.

Following a lengthy hearing on the issue, the Lehigh court concluded that Bucks County is G.B.'s county of residence for these purposes and, therefore, the court refused to order the Lehigh County agency to accept custody of G.B. The Lehigh court relied, without analysis, on a recently filed opinion of this court, *In Interest of J.S.M.,* 356 Pa.Super. 360, 514 A.2d 899 (1986) (Cercone, J.), to support it's legal conclusion that G.B.'s residence is in Bucks County.

In *In Interest of J.S.M.,* under a procedural scenario similar to the instant case, this court was called on to interpret the effect of section 2 of the Juvenile Act, 42 Pa.C.S.A. § 6321(c)(1), which reads:

### (c) Transfer to another court within this Commonwealth.—

(1) If the child resides in a county of this Commonwealth and the proceeding is commenced in a court of another county, the court, on motion of a party or on its own motion made after the adjudicatory hearing or at any

---

1. We further note that the Lehigh County agency could not have appealed the May 15 order as it was not "aggrieved" by that order. *See* Pa.R.A.P. 501.

time prior to final disposition, may transfer the proceeding to the county of the residence of the child for further action. Like transfers may be made if the residence of the child changes during the proceeding. The proceeding may be transferred if the child has been adjudicated delinquent and other proceedings involving the child are pending in the court of the county of his residence. While section 6321(c)(1) facially refers only to venue and jurisdiction of a court, it has also been applied in cases where, as here, two county agencies are engaged in a dispute as to which county should bear responsibility for a dependent child.

In *Interest of J.S.M.*, we discussed the concept of residence, as used in section 6321(c). However, *Interest of J.S.M.* should not be read to mean that the dependent child's "residence" is the only factor in determining which county should bear responsibility for the child. The case at hand is a perfect example of how a determination of "residence", as defined in *Interest of J.S.M.*,[2] may be meaningless. In this case, G.B. lived with his parents in Bucks County at the time he was adjudged dependent in 1978. Since that time, the Bucks County agency has contracted with Pinebrook Services, of Lehigh County, to provide appropriate foster homes for G.B. Since placement within Pinebrook Services, G.B. has lived in foster homes in Berks County, Northampton County and Lebanon County, never in Lehigh County. G.B.'s mother currently lives in Lehigh County and his father has been out of contact with the family for several years. G.B. is a semi-autistic child with special educational and social needs. His natural mother is unable to cope with him or to provide appropriate care. His "residence" is controlled by the Bucks County agency, through Pinebrook Services. It is doubtful that G.B. has the mental capacity

2. In *Interest of J.S.M.*, 356 Pa.Super. 360, 514 A.2d 899 (1986), "residence" was defined as, "Personal presence at some place of abode with no present intention of definite and early removal and with purpose to remain for undetermined period, not infrequently, but not necessarily combined with design to stay permanently." *Id.*, 356 Pa.Superior Ct. at 363, 514 A.2d at 900 (*quoting* Black's Law Dictionary 1176 (rev. 5th ed. 1979)).

to form an "intent" or "purpose" to reside in any particular place. Therefore, a determination of which county should retain legal custody of G.B. must depend on factors other than mere "residence" and must, ultimately, depend on a determination of how to serve the best interests of the dependent child.

The Bucks County agency's position is that because G.B.'s mother's residence is in Lehigh County, the child's residence should be there likewise. It argues that the possibility of reuniting G.B. with his mother would be best served by transferring custody and responsibility for G.B. to Lehigh County. While this is viable argument, the record is far from overwhelming in support of a finding the G.B.'s mother intends to work actively toward bringing G.B. back into her home. Her visits with him are sporadic and she had even entertained the idea of giving him up for adoption if an appropriate home could be found. Although notified of the hearing, G.B.'s mother did not attend it in order to express her desires or intentions. Based on these factors, we find no error in the lower court's order refusing to impose custody of G.B. on the Lehigh County Office of Children and Youth Services.

Order affirmed.