J-A09004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: G.G.B., A MINOR | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.B., MOTHER | : : : : : : : | |
| | : | No. 1353 WDA 2023 |

Appeal from the Order Entered November 8, 2023
In the Court of Common Pleas of Allegheny County Juvenile Division at
No(s):  CP-02-DP-0000410-2023

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

CONCURRING MEMORANDUM BY KUNSELMAN, J.:

**FILED:  September 25, 2024**

I agree with the juvenile court's determination that Allegheny County was a proper venue for the instant dependency proceedings, and thus I concur with the Majority's disposition of this case.  I write separately because I disagree with my Colleagues' analysis of venue.  For purposes of venue, I would hold that the residence of a newborn who has not left the hospital should be determined by the residence of the newborn's parents.  Here, because Father resided in Allegheny County at the commencement of the dependency proceedings, I conclude that the Child was a resident of Allegheny County.  Thus, I would hold that venue was proper under 42 Pa.C.S. § 6321(b)(1) and Pa.R.J.C.P. 1300(A)(2).

At the outset, it is necessary to clarify the precise question Mother asks us to resolve.  Initially, Mother filed a motion requesting that the case be

transferred from Allegheny County to Fayette County, where Mother resided. *See* Pa.R.J.C.P. 1300(B) (providing for transfer prior to the adjudicatory hearing). The juvenile court denied Mother's request, and she appealed the denial of the transfer. *See* 1193 WDA 2023. This Court quashed the appeal after ruling that it was interlocutory and not otherwise appealable. Simply put, Mother had to wait until after the dependency adjudication. The Child was then adjudicated dependent in Allegheny County, and Mother appealed again. *See* 1353 WDA 2023.

Mother's position – then and now – is that the Child's dependency case belongs in Fayette County. However, the issue Mother presented in her first appeal is not the same issue presented in the instant matter. In her first appeal, Mother challenged the denial of her request to transfer the case from Allegheny County to Fayette County.[1] But in this, her second appeal, Mother

---

[1] In her Concise Statement of Matters Complained of on Appeal, 9/29/2023, filed in 1193 WDA 2023, Mother alleged: "The trial court abused its discretion and/or erred as a matter of law by denying Mother's request to transfer venue to Fayette County, where Mother resides and Father wishes the matter be heard, when the newborn has never been in Allegheny County."

challenges venue in Allegheny County.[2, 3] The difference between the two challenges is quite subtle. The Majority overlooked this subtlety, and its analysis is flawed as a result. For its part, the Concurrence authored by Judge Nichols seemed to note the distinction as I do, only to commit the same mistake and conflate the standard for "venue" with the standard for "transfer." I discuss my disagreement with each of my colleagues' analysis in turn.

The Majority frames this appeal as a question of pre-adjudication intercounty transfer under Rule 1300(B). Under Rule 1300(B), the transfer from Allegheny County to Fayette County would have been proper if the dependency proceeding could have been commenced in Fayette. According to the Majority, because the Child neither resided in Fayette County, nor was present there, a transfer under Rule 1300(B) would have been improper, and the trial court was right to deny Mother's request.

Notably, under this reasoning, the Majority would conclude that Allegheny County was also an improper venue. But by framing this appeal as a transfer case, the Majority can sidestep the question of the Child's residence:

---

[2] In her Concise Statement of Matters Complained of on Appeal, 11/30/23, filed in 1353 WDA 2023, Mother alleged: "The trial court abused its discretion and/or erred as a matter of law when it adjudicated G.B. dependency pursuant to 42 Pa.C.S.A. § 6302(1) when venue in Allegheny County was improper as Mother resides in Fayette County, Mother and Father desire the matter to proceed in Fayette County, and G.B. has never been in Allegheny County."

[3] I am careful not to construe Mother's instant appeal as a second bite at the apple. Mother properly objected to venue at the August 2023 shelter hearing, and any prior appeal, directly challenging venue in Allegheny County, would have been interlocutory.

If venue was improper in both Fayette *and* Allegheny, then where would venue be proper – *i.e.*, where was the Child a resident? *See* Majority Memorandum at 5; 6 n.3 ("Rather, we are limited to considering whether the trial court abused its discretion in denying Mother's motion to transfer venue."). Thus, the Majority was able to affirm the juvenile court without having to decide where this Child resided or how a newborn's residency should be determined generally; for the Majority, it sufficed to say that Mother did not meet her burden of proof that the case should be transferred to Fayette County. *See id* at 6, n.3-4. In reaching this conclusion, the Majority addressed the question from the prior appeal – 1193 WDA 2023 – not the question at issue here.

In this appeal, the simple question Mother asks us to resolve is whether venue to conduct a dependency adjudication hearing was proper in Allegheny County. The Juvenile Act provides that a dependency proceeding may be commenced in either the county in which the child resides or the county in which the child is present. 42 Pa.C.S.A. § 6321(b)(1), (3). The Rules of Juvenile Court Procedure provide the same. *See* Pa.R.J.C.P. 1300(A)(1)-(2).

All agree that the Child was never present in Allegheny County. The issue we must decide is whether Allegheny County could be considered the Child's residence. Mother argued that we should find that a newborn, who has not left the hospital, has a residence where the newborn's parent resides. Without defining what constitutes a child's residence, the Majority concludes that Mother's definition is incorrect: "Mother asks this Court to expand the

- 4 -

language contained in both the Juvenile Act and the Rules of Juvenile Court Procedure[.]" **See** Majority Memorandum at 5. Arguably, the Majority would find that this Child has no residence. This would mean that the only place a dependency action could be commenced, for a hospitalized newborn, is the county where the hospital is located. I do not believe this is what the Legislature intended.

I generally agree with Mother's position; a newborn's residence should be that of the parent. This would not be an "expansion" of the Juvenile Act or Rules of Juvenile Court Procedure. Rather, such a conclusion tracks with logic and precedent. Noting the absence of a definition in the Juvenile Act, our dependency case law has defined "residence" as:

> Personal presence at some place of abode with no present intention of definite and early removal and with purpose to remain for undetermined period, not infrequently, but not necessarily combined with design to stay permanently.

**In Interest of J.S.M.**, 514 A.2d 899, 900 (Pa. Super. 1986) (quoting Black's Law Dictionary 1176 (rev. 5th ed. 1979)).

> "Residence" is compared and distinguished from "domicile" in the following manner: "Residence usu[ally] just means bodily presence as an inhabitant in a given place; domicile usu[ally] requires bodily presence plus an intention to make the place one's home. A person thus may have more than one residence at a time but only one domicile. Sometimes, though, the two terms are used synonymously."

*Interest of T.T.*, 290 A.3d 689, at *4, n.10 (Pa. Super. 2022) (non-precedential decision) (discussing *J.S.M.*) (quoting Black's Law Dictionary (rev. 11th ed. 2019)).

This definition only goes so far, given that the instant case concerns a newborn and does not involve intercounty transfers under 42 Pa.C.S.A. § 6321(c) or Pa.R.J.C.P. 1300(B), 1302(A). Although domicile and residence cannot be used interchangeably, I observe our Supreme Court's declaration:

> The domicile of an infant is established by the acts and intention of the one who is entitled to the custody and control thereof. This doctrine means not more ordinarily than that **the residence of the infant is that of its father, mother, or other natural guardian**.

*Petition of Wagner*, 112 A.2d 352, 354-55 (Pa. 1955) (emphasis added).

I can envision instances where a parent's residence and the child's residence might not be one and the same. But a newborn in the NICU? Surely, this Child did not reside at the hospital. I do not believe we would be expanding the statute or rewriting the rules if we held that a newborn resides where the parents reside, especially when those parents' rights to that baby remain intact and unencumbered. In my view, such a holding would be aligned with precedent and common sense.

If my analysis is incorrect, then this Child – and other newborns who are removed from their parents' care before the parents take the baby home from the hospital – have no residence at all. We must not avert our eyes from the effect that such a holding would have on the at-risk children across the

Commonwealth, many of whom test positive for illicit drugs at birth and whose dependency proceedings commence immediately thereafter. Are we saying that the **only** place these newborns may be adjudicated dependent is in the county where they were born?

As applied to this case, I agree with the Majority insofar as I would also conclude that Mother merits no relief. Mother resided in Fayette County; she is correct that Fayette would have also been a proper venue. However, at the time of the commencement, Father resided in Allegheny County, albeit it briefly. I would conclude that Father's residency was sufficient to find that the Child resided in Allegheny County for purposes of 42 Pa.C.S.A. § 6321(b)(1) and Pa.R.J.C.P. 1300(A)(2). Thus, although the juvenile court could have determined that the case belonged in Fayette County, the court did not err when it determined that Allegheny County was a proper venue.

The Nichols Concurrence would not use the standard I have described above. In her view, the Rules of Juvenile Court Procedure authorize the trial court to consider the best interests of the Child when deciding venue. Respectfully, the Nichols Concurrence also conflates the difference between "venue" (*i.e.*, where the case can be commenced) and "transfer" / "change in venue" (where the case can – indeed, should – be litigated). Multiple counties can have "venue" in the first instance. Now, whether said venue is inconvenient – or, whether transfer to another venue might be more appropriate – is a separate question, one where the child's best interests may properly be considered.

Although a child's best interests may be considered, in conjunction with the child's residence, when determining whether the case should be transferred, courts only apply this standard in transfer cases under 42 Pa.C.S.A. § 6321(c). *See, e.g.*, *In re G.B.*, 530 A.2d 496, 499 (Pa. Super. 1987); *see also J.S.M.*, *supra*; *T.T.*, *supra*; *and see* Pa.R.J.C.P. 1302(A). The instant case turns on Section 6321(b)("Venue"), which only asks (for purposes of dependency proceedings) two questions: where does the child reside; and where is the child present. *See* 42 Pa.C.S.A. § 6321(1), (3). Here, the juvenile court's consideration of the Child's best interests was superfluous. Thus, in the context of this case, its consideration was erroneous but harmless.[4]

For these reasons, I concur.

---

[4] I disagree with the Majority's conclusion that Mother waived this part of her argument. In my view, Mother's concise statement, as written, sufficiently captured the subsidiary issue of whether the trial court erred when it considered the Child's best interests as part of its venue analysis. *See* Pa.R.A.P. 1925(b)(4)(v) ("Each error identified in the Statement will be deemed to include every subsidiary issue that was raised in the trial court…."). Besides, Mother could not have known the court would consider the Child's best interest until after the court issued its Rule 1925(a) opinion which came in response to Mother's filing of the concise statement.